Ruffin, C. X.
 

 The plaintiff has filed two
 
 exceptions,
 
 of which the first is unfounded in fact, and for that reason overruled.
 

 His second exception is to the allowance of commissions to the defendant; which, however, is only
 
 2i
 
 per cent, on the defendant’s receipts (as found by the report) and amounts to the sum of $100 87. To the extent of the charges to which the defendant’s exceptions have been allowed (for overcharges of receipts by him on account of the estate,) namely,
 
 the
 
 
 *107
 
 sum of $811 39, including interest, this exception is obvi ously well founded, and the credit of commissions must be reduced $20 28, being 21 per cent, on $811 39. But the objections to the residue of the commissions are not well founded. The first is, that the defendant is not entitled to any commission, because there is no estate to pay it, inasmuch as the whole will not indemnify the plaintiff. But that reason will not suffice, for the plaintiff ought to have taken care not to exceed the assets in his hands, and, if he has done so, it is his folly, and he cannot .deprive the defendant of the compensation the law allows for his labor and responsibility. Another objection is, that the sum of $1364 50, on which commissions are counted, was the value of negroes bought by the defendant at a sale by execution for a debt due to the administrators, and which the defendant purchased for the benefit of the estate and delivered over specifically. But that is not like charging a commission on the value of slaves left by an intestate, as was the case in
 
 Walton
 
 v Avery, 2 Dev.
 
 &
 
 Bat. Eq. 405; but is the same thing as receiving the money from the sheriff. Nay, it is more; because the defendant ran the risk of being compelled to keep the negroe-s on his own account and losing by them, though in this case it was advantageous to the estate. Therefore, this exception must also be disallowed, except the sum of $20 28, as before mentioned.
 

 But as the account, when corrected according to these directions, shews a balance due from the estate of their intestate to the defendant as well as to the plaintiff, the Court cannot relieve the plaintiff upon this bill, in which the plaintiff could only be directed to be paid out of assets now found to be in the defendant’s hands. The bill must, therefore, be dismissed, but without costs to either party; and each party must pay one half of the expense of taking the account.
 

 Per Cueiam, Decree accordingly.